IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

vs.                                  **Case No. 03-40151-01**
                                                   **05-3347-RDR**

THOMAS W. WALES,

           Defendant.

## MEMORANDUM AND ORDER

This case is now before the court upon defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Defendant pleaded guilty to two violations of the federal criminal law: possession with intent to distribute 100 or more marijuana plants in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B); and possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). Defendant was sentenced to concurrent 60-month sentences for these violations. The sentence on the marijuana violation was the statutory mandatory minimum.

The plea agreement which defendant signed as part of the procedure for taking his plea states in part that the parties agreed: that defendant was observed taking care of the marijuana plants; that 138 plants were seized from defendant's marijuana field; that a sawed-off shotgun was found in the master bedroom of his residence; that defendant told law

enforcement agents that he was going to make some money from the cultivated marijuana plants; and that defendant also told the agents that the sawed-off shotgun was his and he had purchased it for $50 two years previously.  The plea agreement also states that defendant "knowingly and voluntarily" waived his right to appeal or collaterally attack any matter in connection with his conviction and sentence.

In spite of the waiver of appeal, defendant filed an appeal which was dismissed as untimely filed.

Defendant's motion to vacate makes the following arguments: 1) that the shotgun did not have his fingerprints and was not in his possession, but in a locked gun case to which he did not have a key and in a bedroom that he did not use; 2) that his attorney did not tell him of the time limit for filing an appeal or ask for any input from him at the time of sentencing; and 3) that he was sick, did not plant the marijuana, and there was no evidence of intent to distribute.

The court finds that the files and records of this case conclusively show that defendant is not entitled to relief.  We reach this decision for the following reasons.  First, defendant pleaded guilty.  He admitted to the elements of the crimes charged and he admitted to facts which supported the elements of the crimes charged.  He admitted to tending the 138 marijuana

plants and to intending to make money from them. He agreed to the number of plants and he admitted to purchasing the sawed-off shotgun which he said was his. Defendant does not claim that his guilty pleas were unknowing or involuntary.

Second, defendant waived his right to bring an appeal and a motion to vacate under § 2255 when he entered the plea agreement. Defendant does not assert any factor was present which would render this waiver void or unenforceable.

Finally, any claim of ineffective assistance of counsel must include a showing of prejudice from the alleged ineffective performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). Defendant cannot prove ineffective assistance of counsel from his attorney's failure to keep defendant aware of the time limit for filing an appeal, because defendant waived his right to appeal and does not assert a valid argument which he could have made on appeal. Furthermore, defendant cannot prove ineffective assistance of counsel from his attorney's alleged failure to ask for any input at sentencing because defendant's sentence was controlled by a statutory mandatory minimum sentence. The court was required by statute to give defendant at least a 60-month sentence and that was the sentence defendant received. We further note that defendant testified at his sentencing hearing and that two other witnesses testified on

defendant's behalf.

For the above-stated reasons, defendant's motion to vacate shall be denied.

**IT IS SO ORDERED.**

Dated this 12th day of September, 2005 at Topeka, Kansas.

                                      s/Richard D. Rogers
                                      United States District Judge